IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SOUTHERN NEVADA AUTO SALES, LLC, D/B/A OPEN LOT USED CAR SALES, Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE BITA YEAGER, DISTRICT JUDGE, Respondents, and FRANKIE GONZALES, M.D., Real Party in Interest. | No. 84903 |

FILED

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus or prohibition challenges a district court order denying a motion to dismiss in a torts action. Having considered the petition and its documentation, we are not persuaded that our extraordinary and discretionary intervention is warranted. *See Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 683, 476 P.3d 1194, 1198 (2020) (declining to grant writ relief when a later appeal was available); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). Generally, we will not consider writ petitions that challenge orders denying motions to dismiss, and we are not persuaded that any exception to the

22-25206

general rule applies here. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197-98, 179 P.3d 556, 558-59 (2008) (discussing writ petitions challenging denials of motions to dismiss). We therefore

ORDER the petition DENIED.[1]

_____, C.J.
Parraguirre

_____, J.          _____Sr.J.
Silver                        Gibbons

cc:    Hon. Bita Yeager, District Judge
       Kravitz Schnitzer Johnson Watson & Zeppenfeld, Chtd.
       Injury Lawyers of Nevada
       Huang & Associates
       Eighth District Court Clerk

_____

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.